EASTERN DIST.
*January*, 1835.

HESSIAN *vs.* FERGUSON.

HESSIAN
*vs.*
FERGUSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a passenger engages his passage on deck or in the steerage, and in consequence of continued intoxication and ridiculous conduct, is made the butt and sport of the other passengers, without the interference of the captain, the latter is not liable in damages for such treatment during the voyage.

This is an action for damages against the defendant, as captain of the schooner Mayflower, for alleged ill treatment of the plaintiff, on a late voyage from Charleston to New-Orleans.

The defendant pleaded a general denial.

The evidence shows that the plaintiff was during a great portion of the voyage, in a state of mental derangement, occasioned by frequent and large potions of brandy, and while in that state his conduct was very odd, eccentric and ridiculous, so as to provoke the ridicule and pranks of the passengers on board. It did not appear that the captain interfered in any way; and the plaintiff received no personal injury or harm, except getting powder burnt from the flash of a pistol in his face.

On hearing all the testimony the district judge gave judgment for the defendant. The plaintiff appealed.

*Kelly and Kennicutt* for the plaintiff.

1. The defendant, as commander of the vessel, was bound to protect the plaintiff, a passenger on board, from insult and abuses which were continually heaped on him during the voyage.

2. The proof makes out a case of great hardship on the part of the plaintiff, for which he is entitled to exemplary damages. The judgment of the District Court should therefore be reversed.

*Preston, contra.*

*Bullard, J.,* delivered the opinion of the court.

The plaintiff complains, that having taken his passage as a cabin passenger on board a schooner commanded by the defendant, from Charleston to New-Orleans, he was during the passage grievously ill treated by him. That he was, after being at sea some days, forcibly expelled from the cabin, bound with ropes, exposed on deck without shelter, and not allowed sufficient food, to his damage one thousand *dollars.*

The judgment of the District Court was in favor of the defendant on the merits, and the plaintiff appealed.

The evidence clearly shows that the plaintiff engaged his passage on deck or in the steerage, and that he was not a cabin passenger. The captain was not, therefore, bound by contract to give him cabin room, nor perhaps provisions. But it appears that the plaintiff ate with the crew and fared as they did. In some respects he appears to have fared better ; for although in common with the sailors he was put on short allowance, yet he did not stint himself in his allowance of brandy, of which he laid in abundant stores at Charleston. The consequence was, that during the voyage he gave unequivocal evidence of *mania à potu,* was on the look out for a ferry boat to take him ashore and could not sleep. Under these circumstances he became the butt of *ridicule to other* passengers on board, who appear to have amused themselves rather roughly at his expense. It is shown that the captain remonstrated with them on the subject and did nothing himself to annoy the plaintiff. The plaintiff received no personal injury, and we think with the court below, that no man ought to complain of being ridiculed when he has made himself ridiculous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.